UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KELTON JOHNATHON SORENSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, STATE OF NEVADA, and CLARK COUNTY, NEVADA,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT (DOC. NO. 6) AND DENY MOTION FOR SUMMARY JUDGMENT (DOC. NO. 207)**<br><br>Case No. 2:20-cv-00335-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Kelton Johnathon Sorenson, proceeding *in forma pauperis*, filed this action against the United States of America, the State of Nevada, and Clark County, Nevada, on June 5, 2020.  (Compl., Doc. No. 3.)  Mr. Sorenson filed an Amended Complaint[1] on June 16, 2020.  (Am. Compl., Doc. No. 6.)  Mr. Sorenson also filed a motion for summary judgment, (Doc. No. 207).  The defendants have not been served nor appeared in this action.

Upon review under 28 U.S.C. § 1915(e)(2)(B), it is evident Mr. Sorenson's Amended Complaint is frivolous and fails to state a plausible claim for relief.  Moreover, Mr. Sorenson is not entitled to summary judgment.  Accordingly, as explained below, the undersigned[2] RECOMMENDS the district judge DISMISS Mr. Sorenson's Amended Complaint with prejudice and DENY his motion for summary judgment.

---

[1] A version of the Amended Complaint was initially filed at Doc. No. 5, but a corrected version was filed the same day at Doc. No. 6.  The court considers the corrected version of the Amended Complaint at Doc. No. 6 to be the operative complaint.

[2] On July 14, 2020, District Judge Dale A. Kimball referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 15.)

## PROCEDURAL HISTORY

Since bringing this action on June 5, 2020, Mr. Sorenson has filed over 200 motions, notices, and other documents in this case.  On August 24, 2020, the court issued an order denying thirteen of those motions, finding the number of filings excessive, and instructing Mr. Sorenson that additional motions would not be considered until the court completed a review of his Amended Complaint under 28 U.S.C. § 1915(e).  (Order Denying Miscellaneous Mots., Doc. No. 81.)  Nevertheless, Mr. Sorenson continued filing numerous motions and other documents.

Between July 1 and August 3, 2020, Mr. Sorenson also filed six other cases in this district, all with complaints nearly identical to the Amended Complaint in this action.  (Case Nos. 4:20-cv-00068-DN, 4:20-cv-00069-DN, 4:20-cv-00070-DN, 4:20-cv-00074-DN, 4:20-cv-00079-DAK-DAO, and 4:20-cv-00083-DAK-DAO.)  Four of those cases were dismissed based on findings that the complaints were frivolous and failed to state a plausible claim for relief. (Case No. 4:20-cv-00068-DN (Doc. No. 18); Case No. 4:20-cv-00069-DN (Doc. No. 21); 4:20-cv-00070-DN (Doc. No. 22); 4:20-cv-00074-DN (Doc. No. 17).)  The two remaining cases were transferred to the district judge assigned to this action on November 9, 2020.  (Order Transferring Cases, Doc. No. 226.)

## LEGAL STANDARD

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."  *Phillips v. Layden*, 434 F.

App'x 774, 775 (10th Cir. 2011) (unpublished) (alterations in original) (internal quotation marks omitted).

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This standard applies to "'claim[s] based on an indisputably meritless legal theory' or 'claims describing fantastic or delusional scenarios.'" *Johnson v. Doe*, 741 F. App'x 573, 576 (10th Cir. July 10, 2018) (unpublished) (alteration in original) (quoting *Neitzke*, 490 U.S. at 327)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *McEntire v. Federated Inv. Mgmt.*, 510 F. App'x 792, 793 (10th Cir. Feb. 13, 2013) (unpublished) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Because Mr. Sorenson proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

### A.  28 U.S.C. § 1915 Review

The allegations in Mr. Sorenson's Amended Complaint are rambling and difficult to discern, but they appear to relate primarily to his arrest in Nevada on state criminal charges and his subsequent confinement in psychiatric facilities.  (Am. Compl., Doc. No. 6 at 4–9).  Mr. Sorenson purports to bring claims under various federal statutes, including sections 1981, 1983, 1985, 1986, and 2000aa-6 of Title 42 and section 1512 of Title 18.  (*Id.* at 2.)  Mr. Sorenson requests damages of $150 million, as well as dismissal of various state court cases and a "halt [of] all actions" against him.  (*Id.* at 20–21.)  The court examines Mr. Sorenson's allegations to determine whether he states a claim upon which relief can be granted against the named defendants.

### 1.  Allegations Involving Nonparties

As an initial matter, the Amended Complaint contains numerous allegations of wrongdoing by individuals and entities other than the named defendants in this case.  For example, Mr. Sorenson makes the following allegations:

- The "alleged victim," Olivia Brown, called the police on him five times and told him she was Russian.  (Am. Compl., Doc. No. 6 at 3.)

- Unnamed "cops" and a former member of the Nevada legislature are "intimidating, harassing, [and] committing purgery [sic]."  (*Id.*)

- Olivia Brown, Irene Bustamante Adams, and James Bradly Adams "tried several time[s] to have [him] either commit suicide, or killed (including but not limited to by the Las Vegas Police Department), in addition to [him] going from driving a BMW in 2016, to no car in 2017, in addition to throwing [him] into a mental

health facility operated by the [S]tate of Nevada, and a former member of the state's leadership tracking [him]."  (*Id.* at 3–4.)

- Mr. Sorenson was "wrongfully detained by the Las Vegas Metro Police [D]epartment, on 07/27/2019, after reporting to house arrest."  (*Id.* at 4.)

- Summerlin Hospital Medical Center, which Mr. Sorenson alleges is a private hospital, committed medical malpractice and medical negligence.  (*Id.* at 13.)

The individuals and entities identified in these allegations are not parties to this case, and Mr. Sorenson does not explain how, if at all, the named defendants are connected to the alleged wrongdoing of these nonparties.  Moreover, these allegations of wrongdoing are conclusory and unsupported by factual development which would give rise to a colorable claim for relief.  For these reasons, the allegations related to actions of nonparties are frivolous and fail to state a claim for relief against the named defendants.

2. Claims Against the United States of America

Mr. Sorenson's Amended Complaint contains no allegations related to any action by the United States or its agents, and Mr. Sorenson does not explain what claim(s) he is asserting against the United States.  The only portion of the Amended Complaint which appears to reference a United States agency is a numbered list including the phrases "misconduct, The United States Department of Veterans Affairs Police," and "obstruction of justice, The United States Department of Veterans Affairs Police."  (Am. Compl., Doc. No. 6 at 6.)  Mr. Sorenson offers no details or explanation of the alleged misconduct and obstruction.  This bare allegation is conclusory, frivolous, and insufficient to state a claim for relief.  The Amended Complaint is devoid of any other allegations related to the United States or its agencies.  Therefore, Mr. Sorenson fails to state a claim for relief against the United States.

6

3.  Claims Against the State of Nevada

Mr. Sorenson alleges "Rawson-Neal Psychiatric Hospital, the only state-run psychiatric hospital, committed gross medical malpractice, specifically gross medical negligence." (Am. Compl., Doc. No. 6 at 6.)  He contends he was forcibly medicated and misdiagnosed while at the hospital on a psychiatric hold. (*Id.* at 7.)  He also alleges he was "sexually assaulted in this facility by another patient." (*Id.* at 8.)

These allegations are insufficient to state a claim for relief against the State of Nevada. Mr. Sorenson does not provide any information about the alleged sexual assault or explain the basis for holding the State of Nevada liable.  Furthermore, medical malpractice and negligence are state law tort claims which must be filed with a supporting affidavit of a medical professional under Nevada law.  *See* Nev. Rev. Stat. Ann. § 41A.071.  Mr. Sorenson has not filed such an affidavit, nor does he provide sufficient factual development in his Amended Complaint to support these claims.  Moreover, Mr. Sorenson is barred from asserting these claims against the State of Nevada under the Eleventh Amendment to the United States Constitution, which prohibits private individuals from suing nonconsenting states in federal court.  *See* U.S. Const. amend XI; *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001).  Nevada's tort claims statute provides the State of Nevada does not waive Eleventh Amendment immunity.  Nev. Rev. Stat. Ann. § 41.031(3).  For these reasons, Mr. Sorenson's claims against the State of Nevada should be dismissed.

4.  Claims Against Clark County

The Amended Complaint contains no allegations related to any action by Clark County, Nevada or its agents, and Mr. Sorenson does not explain what claim(s) he is asserting against the county.  Therefore, Mr. Sorenson fails to state a claim for relief against Clark County, Nevada.

5. <u>Claims Under Federal Statutes</u>

Mr. Sorenson references various federal statutes in his Amended Complaint, including 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 2000aa-6 and 18 U.S.C. § 1512.  However, the Amended Complaint contains no allegations related to any of these statutes.

Section 1981 of Title 42 provides that all persons within the jurisdiction of the United States shall enjoy certain enumerated rights to the same extent as white citizens.  42 U.S.C. § 1981.  None of the allegations in the Amended Complaint relate to this statute.

Section 1983 provides a cause of action for violations of constitutional rights by persons acting under color of state law.  42 U.S.C. §1983.  None of the named defendants qualify as a "person" for purposes of section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, (1989).  Additionally, Mr. Sorenson does not explain which constitutional rights were allegedly violated.

Section 1985 prohibits conspiracies to interfere with civil rights.  42 U.S.C. §1985.  To state a section 1985 claim, a plaintiff must allege a conspiracy of two or more persons aimed at either preventing a federal officer from performing her duties (§ 1985(1)); intimidating a party, witness, or juror involved in a case (§ 1985(2)); obstructing justice to deny a person equal protection of the laws (§ 1985(2)); or depriving a person of his rights and privileges to deny him equal protection of the laws (§ 1985(3)).  *Id.*  Section 1986 provides a cause of action against persons who neglect to prevent conspiracies prohibited by section 1985.  42 U.S.C. § 1986.  Again, Mr. Sorenson does not name any "person" as a defendant, nor does he allege a conspiracy directed at any of the prohibited actions set forth in section 1985.

Section 2000aa-6 of Title 42 provides a cause of action to "[a] person aggrieved by a search or seizure of materials" in violation of the Privacy Protection Act of 1980, 42 U.S.C. §§

2000aa, *et seq*.  42 U.S.C. § 2000aa-6(a).  The Privacy Protection Act prohibits government officers or employees who are investigating or prosecuting a crime from "search[ing] for or seiz[ing] any work product materials possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication."  42 U.S.C. § 2000aa(a).  Mr. Sorenson does not allege any search or seizure of materials that would violate this statute.

Section 1512 of Title 18 is a criminal statute which describes the crime of tampering with a witness, victim, or informant.  It does not provide a civil cause of action.

Therefore, Mr. Sorenson fails to state a claim for relief under any of the federal statutes referenced in his Amended Complaint.

6.  Exhibits

Mr. Sorenson attached fifty-six pages of exhibits to his Amended Complaint, which the court reviewed in determining whether he stated a claim.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits[.]").  The exhibits include text messages and emails concerning Mr. Sorenson's relationship and child custody issues, photographs of injuries, and documents from his state criminal case.  (Am. Compl., Doc. No. 6 at 22–77.)  None of the exhibits provide sufficient information to support a claim for relief against the named defendants in this case.

7.  Conclusion

As set forth above, Mr. Sorenson's Amended Complaint fails to state a claim for relief against the named defendants.  His Amended Complaint also fails to comply with the pleading requirements of Rule 8, and many of his allegations are frivolous.  For these reasons, the

undersigned RECOMMENDS the district judge DISMISS the Amended Complaint (Doc. No. 6) with prejudice.

**B. Motion for Summary Judgment (Doc. No. 207)**

On September 24, 2020, Mr. Sorenson filed a two-sentence motion for summary judgment, asking the court to award him damages of $15,000,000, split equally between the three defendants.  (Mot. for Summ. J., Doc. No. 207.)

As an initial matter, Mr. Sorenson's motion does not adhere to any requirements for a summary judgment motion.  Under Rule 56 of the Federal Rules of Civil Procedure:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P.  56(c)(1); *see also* DUCivR 56-1(b) ("A motion for summary judgment must . . . be supported by an Appendix of Evidence[.]"); DUCivR 56-1(b)(3) (indicating that a summary judgment motion must contain "[a] concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law . . . [and] [t]he moving party must cite with particularity the evidence in the Appendix of Evidence that supports each factual assertion").

Mr. Sorenson's summary judgment motion in no way complies with these requirements.  Additionally, because Mr. Sorenson has failed to state a claim for relief against the defendants, as detailed above, Mr. Sorenson cannot show he is "entitled to judgment as a matter of law" on any of his claims.  *See* Fed. R. Civ. P. 56(a).  Therefore, the undersigned RECOMMENDS the district judge DENY Mr. Sorenson's Motion for Summary Judgment (Doc. No. 207).

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge DISMISS Mr. Sorenson's Amended Complaint (Doc. No. 6) with prejudice and DENY his motion for summary judgment (Doc. No. 207).

The court will send copies of this Report and Recommendation to Mr. Sorenson, who the court hereby notifies of his right to object to the same. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Mr. Sorenson must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of January, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge